IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**SHERYL EZELL, Special Personal Representative**
**of the Estate of JOSEPH VESELY, JR., deceased**                               PLAINTIFF

VS.                                            3:22-CV-00238-BRW

**DOLLAR GENERAL CORPORATION;**
**DG TRANSPORTATION, INC;**
**DG LOGISTICS, LLC; DEXTER BROWN; AND**
**JOHN DOES NOS. 1-5**                                                          DEFENDANTS

<u>ORDER</u>

Pending is Defendants' Second Motion for Partial Summary Judgment (Doc. No. 27). Plaintiff has responded[1] and Defendant has replied.[2] For the reasons stated below, the motion is GRANTED.

**I.    BACKGROUND**[3]

This is a negligence case arising from a June 14, 2022 motor vehicle accident in Jonesboro, Arkansas involving a pickup truck driven by Mr. Joseph Vesely, Jr. and a tractor-trailer driven by Defendant Dexter Brown. Defendant DG Logistics was Mr. Brown's employer. Defendants Dollar General and DG Transportation are parent companies of DG Logistics.

Plaintiff asserts claims of negligence against Mr. Brown, vicarious liability and direct claims of negligent hiring, training, and supervision against the companies.

Plaintiff Sheryl Ann Ezell identified herself as one of Mr. Vesely's statutory beneficiaries. Ms. Ezell alleges that Mr. Vesely and her were common law married in Texas in

---

[1]Doc. No. 34.

[2]Doc. No. 47.

[3]Unless otherwise noted, the Background is from the parties' Statement of Facts (Doc. Nos. 28, 37).

-1-

the late 1980s or early 1990s. Defendants contend that Ms. Ezell and Mr. Vesely were never legally nor common-law married, so her individual claim should be dismissed.[4] I agree.

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[5] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[6]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[7] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[8] I must view the facts in the light most favorable to the party opposing the motion.[9] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts,

---

[4]Doc. No. 27.

[5]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed R. Civ. P. 56.

[6]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[7]*Inland Oil & Transp. Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[8]*Id.* at 728.

[9]*Id.* at 727-28.

showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[10]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[11]

### III.   DISCUSSION

To recover under Arkansas's wrongful-death statute, Ms. Ezell must be legally classified as a beneficiary.[12]  To be considered a wrongful-death beneficiary of Mr. Vesely, Ms. Ezell must prove she was his spouse at the time of his passing.[13]  Ms. Ezell and Mr. Vesely were never officially married. However, Ms. Ezell contends that they were common-law married in Texas in the late 1980s or early 1990s.

Under Arkansas law, marriages that "would be valid by the laws of the state or country in which the marriages were consummated and in which the parties then actually resided shall be valid in all courts in this state."[14]  It is undisputed that no legal document of marriage—either an Arkansas marriage license or a Texas certificate of marriage—exists.  Further, common-law marriages may not be created by law in Arkansas, although Arkansas courts recognize marriages contracted by law in other states.[15]  "A party seeking to establish the validity of a common law marriage must show a substantial relationship of long duration in the common law marriage state."[16]

---

[10]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[11]*Anderson*, 477 U.S. at 248.

[12]Ark. Code Ann. § 16-62-102(d)

[13]*Id.*

[14]Ark.Code Ann. § 9–11–107(a).

[15]*Brissett v. Sykes*, 313 Ark. 515, 517 (1993).

[16]*Id.* (citing *Standridge v. Standridge*, 298 Ark. 494 (1989)).

At the time Ms. Ezell contends that she was married to Mr. Vesely, proof of a common-law marriage under Texas law required "1) an agreement presently to be married; 2) living together in this state as husband and wife; and 3) holding each other out to the public in this state as husband and wife."[17]  In *Borum*, the court held that the language in elements (2) and (3) precluded proof of a common-law marriage "when the acts occurred in a state other than Texas."[18]

Ms. Ezell met Mr. Vesely in 1985 when they were both living in Baytown, Texas.[19]  They began dating that year and moved in together in November of 1986.[20]  They lived there for approximately five years, until June 14, 1991, when they separated for six months after Ms. Ezell moved with her son to Jonesboro, Arkansas.[21]  Mr. Vesley moved to Jonesboro and reunited with Ms. Ezell.[22]

In her deposition, Ms. Ezell claims that she and Mr. Vesey were common-law married in Texas.[23]  However, her own testimony cuts against this claim.  Ms. Ezell testified that they never expressly agreed to get married or tell people they were married.[24]  Additionally, she testified that she tried to "hold his feet to the fire" about getting married every ten years or so when they were living in Arkansas, but Mr. Vesey never agreed.[25]

---

[17]*Texas Employers' Ins. Ass'n v. Borum*, 834 S.W.2d 395, 399 (Tex.Ct.App.1992) (emphasis in original).

[18]*Id.*

[19]Doc. No. 37, p.1.

[20]*Id.*

[21]*Id.*

[22]*Id.*

[23]Doc. No. 27-2.

[24]*Id.* at 161.

[25]*Id.* at 164-65.

The only documentary evidence provided by Plaintiff during the couple's time in Texas included an application for reduced price school lunches for Ms. Ezell's son Bobby and Ms. Ezell's transcript from Lee College.[26]  Both schools are located in Texas.[27]  Nothing in these documents show that they ever agreed to be married, or held themselves out as a married couple to the public while living in Texas.  The remaining documents originated when they lived in Arkansas.[28]  Notably missing are any affidavits from family or friends attesting to the marriage, any tax records indicating a joint filing, or records of a joint bank account or joint ownership of any property in Texas.

Plaintiff failed to present sufficient evidence to support her claim that a common-law marriage existed.  No genuine dispute of a material fact remains and Defendants are entitled to judgment as a matter of law.  Ms. Ezell's wrongful death beneficiary claim is dismissed with prejudice.

## CONCLUSION

For the reasons stated above, Defendants' Second Motion for Partial Summary Judgment (Doc. No. 27) is GRANTED.

IT IS SO ORDERED this 22nd day of April, 2024.

                                                  BILLY ROY WILSON
                                      UNITED STATES DISTRICT JUDGE

---

[26]Doc. Nos. 34-4, 34-10.

[27]*Id.*

[28]Doc. Nos. 34-6, 34-7, 34-8, 34-9, 34-11, 34-12, 34-13, 34-14, 34-15, 34-16, 34-17, 34-18, 34-20.